UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

OFF-WHITE LLC,

                                      Plaintiff,                              19-CV-01775 (PAE)(SN)

           -against-                                               **ORDER**

ALI JR., et al.,

                                  Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        On October 9, 2019, the Court entered an Order granting default in favor of Plaintiff Off-White LLC ("Off-White") on its claims of trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, and related state and common law claims against a number of defendants. ECF No. 41. Now, Off-White seeks damages under 15 U.S.C. § 1117(c) ("the Lanham Act") totaling $5,100,000.00 from 39 defendants who have not appeared or responded in this action (the "Defaulting Defendants[1]")[2] based on wrongful and willful use of several of Off-White's U.S. Trademark registrations and applications. Off-White

---

[1] For purposes of this Report and Recommendation, I adopt the definitions of "Off-White Brand;" "Off-White Trade Dress," "Off-White Registrations," "Off-White Applications," and "Off-White Marks," and "Counterfeit Products," as set forth in the "Glossary" at ECF No. 41.

[2] The Complaint lists 45 defendants. Between August 29, 2019, and October 25, 2019, Off-White voluntarily dismissed six defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The remaining defendants, against whom the Court entered default on October 8, 2019, are: (1) AlvinCaraballo, (2) AndrewSobers, (3) bethanyastri, (4) BeverlyBush, (5) CurtisHoffer, (6) David0112, (7) DeborahTheberge, (8) DeniseGomez, (9) DennRamos, (10) drxft, (11) edward35, (12) EdwardLesper, (13) EvelynLeod, (14) GerySantiago, (15) HelenMason, (16) jameirkle, (17) JasonCrow, (18) Jenkinskurt, (19) JonathonMcCoy, (20) KimBoykins, (21) koba, jgenti, (22) Lori2D, (23) LuellaVincent, (24) MariaHarn, (25) MarkOsuna, (26) MiriamKinsey, (27) mmarkleyj, (28) Naremiseng, (29) optixal, (30) pimssims, (31) Scarlett P Hoang, (32) SuzanneMacdo, (33) TeresaReeves, (34) TeresaRichard, (35) Viktoria Thorbjornsen, (36) wandaxgigli, (37) WilliamSweet, (38) willup, and (39) ypowkq (together, the "Defaulting Defendants").

also seeks a post-judgment asset restraining order and an order authorizing the release and transfer of frozen assets. For the reasons herein, I conclude that Off-White has not established personal jurisdiction over each of the Defaulting Defendants. In light of the procedural posture and history of this actions, I find that granting Off-White leave to supplement its briefing to establish personal jurisdiction over the Defaulting Defendants is appropriate.

I. **Procedural Background**

Off-White commenced this action against Defendants on February 26, 2019. On October 8, 2019, Judge Engelmayer entered a default judgment against the Defaulting Defendants, and permanently enjoined them from further infringing or counterfeiting use of the "Off-White Marks." See ECF No. 41. On October 8, 2019, the Court referred the matter to me to conduct an inquest as to Off-White's damages and to report and recommend on Off-White's request for a post-judgment asset transfer. ECF Nos. 40, 41. By scheduling order dated October 16, 2019, I advised the parties that a damages inquest might be conducted on the parties' written submissions alone. See ECF No. 42. Off-White filed its Proposed Findings of Fact and Conclusions of Law (ECF No. 51), affidavit in support of its request for damages (ECF No. 52, "Scully Aff."), and Memorandum of Law in support of its damages request (ECF No. 53, "Pl. Mem."), seeking damages in the amount of $5,100,00.00. None of the defaulting defendants has submitted opposition papers, and the deadline for doing so has long passed.

II. **Factual Background**

In light of the entry of default, the Court is required to accept all of Plaintiff's well-pleaded allegations as true, except for those pertaining to damages. See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The Court also construes all pleadings and affidavits in the light most favorable to the Plaintiff but "will not draw argumentative inferences

in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013). The following findings of fact are based on Off-White's Complaint (ECF No. 5, "Compl.") and its inquest submissions.

Off-White owns a high-end streetwear apparel line and sells its clothes, accessories, jewelry, furniture, and other goods around the world at luxury retailers and Off-White boutiques. Compl. at ii–iii. Off-White's goods are distinguished by the brand's signature graphics, including a unique "diagonal design" composed of two intersecting dual-sided arrows. Id. at ¶¶ 7–9; ECF No. 51 at 1–3. Off-White products are marketed under the Off-White Marks, which include several registered trademarks. Id. Off-White products typically retail for $150 to $2,500. Compl. at ¶ 12. Off-White and its Marks have acquired a valuable reputation and goodwill among the public and Off-White has gone through great lengths to protect its interest in and to the Off-White Products and Off-White Marks. Id. at ¶¶ 17–18.

The Defaulting Defendants are 39 individuals or businesses who transact business through their accounts and storefronts on Redbubble, an Australia-based online marketplace and e-commerce platform that allows merchants to sell and ship products to consumers worldwide (collectively, "Defendants"). Id. at ¶¶ 19–24. Defaulting Defendants sell counterfeit Off-White products through Redbubble. See id. at ¶¶ 26–30. Off-White never authorized Defaulting Defendants to offer to sell or to sell Off-White Products or to use any designs or marks that very closely resemble Off-White Marks. Id. at ¶ 27. Through marketing, offering to sell and/or selling, and shipping of Defendants' products, which bear marks that are "confusingly similar to Off-White Marks," Defaulting Defendants violated Off-White's Marks. Id. at ¶¶ 25–39.

Off-White learned through an investigation into unauthorized use of its Marks that Defendants have sold and shipped 48 counterfeit products to a buyer located at 244 Madison

3

Ave., Suite 411, New York, New York, 10016 (the "New York Address"). Id. at ¶¶ 29–30. Off-White does not, however, specify which Defendants—including any of the Defaulting Defendants—sold products to the New York Address. Off-White also engaged in limited discovery through Redbubble and determined that the Defaulting Defendants collectively have sold 2,824 Counterfeit Products through Redbubble. Pl. Mem. at 3.; Scully Aff. At Ex. C.

### III. Personal Jurisdiction

As a threshold matter, "[w]here a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction." Hood v. Ascent Med. Corp., 13-cv-628 (RWS)(DF), 2016 WL 1366920, at *6 (S.D.N.Y. Mar. 3, 2016) report and rec. adopted by 2016 WL 3453656 (June 20, 2016), aff'd, 691 F. App'x 8 (2d Cir. 2017); Off-White LLC v. 5HK5584, 19-cv-672 (RA) (JLC), 2020 WL 1646692, at *4 (S.D.N.Y. Apr. 3, 2020), report and rec. adopted, 2020 WL 3050552 (S.D.N.Y. June 8, 2020); see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010) ("[W]e agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.").

Because the Lanham Act does not provide for nationwide service, the Court applies the personal jurisdiction rules of the forum state in its analysis. See, e.g., Schentag v. Nebgen, 17-cv-8734 (GHW), 2018 WL 3104092, at *15 (S.D.N.Y. June 21, 2018) (citing PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997)). New York law therefore applies to the personal jurisdiction inquiry. Under New York law, courts engage in a "two-step analysis" to determine personal jurisdiction over the non-domiciliary Defaulting Defendants. See Spin

Master Ltd. v. 158, 18-cv-1774 (LJL), 2020 WL 2766104, at *4 (S.D.N.Y. May 28, 2020). First, the Court applies New York State's long-arm statute. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). Second, if the long-arm statute permits personal jurisdiction, the next step is "to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Id. at 164; see also Licci v. Lebanese Canadian Bank, 732 F.3d 161, 168 (2d Cir. 2013) (same).

Off-White argues that personal jurisdiction over the Defaulting Defendants is proper based on N.Y. C.P.L.R. § 302(a)(1) or § 302(a)(3). Section 302(a)(1) states that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." A plaintiff must meet two requirements to establish personal jurisdiction over a defendant under this Section: "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Eades v. Kennedy PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015) (quoting Licci, 732 F.3d at 168). Section 302(a)(1) is a "'single act statute,'" meaning that "the 'single act' of selling counterfeit goods into New York satisfies the long-arm statute under section 302(a)(1)." Chloe, 616 F.3d at 170 (citing Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 527 N.Y.S.2d 195, 198 (1988)).

Here, Defaulting Defendants engaged in the sale of allegedly infringing goods online through Redbubble's storefront. When analyzing whether a defendant's internet activity provides the court with jurisdiction, courts in this Circuit apply a "sliding scale" test based on the level of a website's interactivity: "the more interactive the website, such that it solicits information from potential buyers in New York in order for the defendant to sell them products in New York, the more likely a court is to find that the defendant is transacting business through the website in

5

New York and is subject to the court's jurisdiction." Spin Master Ltd., 2020 WL 2766104, at *5 (citing EnviroCare Techs., LLC v. Simanovsky, 11–cv–3458 (JS)(ETB), 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012) (internal quotation marks omitted)). Under this framework, offering for sale, selling, and shipping counterfeit and infringing products to a customer located in New York amounts to purposeful availment of the "privileges of conducting activities in New York." Spin Master Ltd., 2020 WL 2766104, at *6 (collecting cases).

Off-White alleges that Defendants sold and shipped 48 products to the New York Address. Off-White also alleges that, "through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world." Compl. ¶ at 24. Further, Off-White alleges that through its own investigation, it determined Defendants "manufactur[e], import[], export[], advertis[e], market[], promot[e], distribut[e], display[], offer[] for sale and/or sell[] Counterfeit Products to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts." Id. at ¶ 26. Exhibit C to the Complaint, composed of copies of Defendants' merchant pages, shows that Defendants, including the Defaulting Defendants, are able to ship the Counterfeit Products to New York, but nowhere in the exhibited pages does Off-White allege or produce credible evidence indicating that any of the Defaulting Defendants did in fact ship Counterfeit Products to New York. Exhibit C to the Scully Affidavit contains a report provided to Off-White identifying Defaulting Defendants' sales of Counterfeit Products through Redbubble, but it does not indicate where those products were sold or shipped. See ECF No. 52-3. Exhibit D to the Scully Affidavit summarizes Defaulting Defendants' sales of Counterfeit

Products but similarly contains no information about sales or shipping locations. See ECF No. 52-4.

I find that Off-White does not allege sufficient facts establishing that each of the Defaulting Defendants sold and shipped Counterfeit Products to New York. "Merely offering a product outside New York for sale in New York is not enough to constitute purposeful availment when no sale actually takes place in New York or to a New York resident." Spin Master Ltd., 2020 WL 2766104, at *7. In order to constitute purposeful availment, a plaintiff must establish a reasonable probability that defendants' websites have been "actually used to effect commercial transactions with customers in New York." Alibaba Grp. Holding Ltd. v. Alibabacoin Found., 18-cv-2897 (JPO), 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (quoting M. Shanken Commc'ns, Inc. v. Cigar500.com, 07-cv-7371 (JGK), 2008 WL 2696168, at *5 (S.D.N.Y. July 7, 2008)); see also Savage Universal Corp. v. Grazier Constr., Inc., 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of transacting business to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred." (citations and internal quotation marks omitted)).

The general allegation that all Defendants "offer for sale and/or sell" Counterfeiting Products to customers located in New York, without more, does not establish that the Defaulting Defendants transacted business with the forum and purposefully availed themselves of the protections of the forum. See Spin Master Ltd., 2020 WL 2766104, at *7 (finding no personal jurisdiction over defaulting defendants where plaintiffs generally alleged that defendants made sales to customers worldwide, "including those in the United States and specifically New York,"

7

without evidence or allegations of any particular sales); Alibaba Grp. Holding Ltd., 2018 WL 2022626, at *4 (finding no personal jurisdiction over defendants where plaintiff offered no evidence that any sales occurred in New York or that the majority of visitors to the site were based in New York so as to establish a reasonable probability that at least one New York sale had occurred). Although Off-White alleges Defaulting Defendants made 48 sales to the New York Address, Off-White has not submitted information about which Defaulting Defendants made or shipped those sales. Therefore, the claim of 48 specific sales to the New York Address does not provide a basis for personal jurisdiction over every single Defaulting Defendant (for whom nearly 3,000 collective sales are alleged). See Spin Master, Ltd., 2020 WL 2766104, at *6 ("Plaintiffs must show personal jurisdiction over each defendant against which they seek relief."); Cenage Learning, Inc. v. Buckeye Books, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) ("Lumping all the defendants together for purposes of alleging connections to New York is, however, patently insufficient." (internal quotation marks omitted)). For these reasons, I find the Court cannot exercise personal jurisdiction over each of the Defaulting Defendants under Section 302(a)(1).

To establish jurisdiction over the Defaulting Defendants under N.Y. C.P.L.R. § 302(a)(3), Off-White must allege that the Defaulting Defendants: (1) "committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant[s] expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant[s] derived substantial revenue from interstate or international commerce." Penguin Grp. (USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 302 (2011). Off-White alleges the first two elements: that the Defaulting Defendants committed trademark violations outside New York by making and selling Counterfeit Products

through Redbubble, and that the causes of action in this case arise from those acts. Off-White has not, however, adequately alleged the third and fourth elements required by the statute, *i.e*, injury to person or property in New York, for the Defaulting Defendants. I therefore find that personal jurisdiction does not exist as to any of the Defaulting Defendants under Section 302(a)(3).

## CONCLUSION

Off-White has not sufficiently established that the Court may exercise personal jurisdiction over the Defaulting Defendants for the purposes of this damages inquest and or for determining whether post-judgment asset relief is warranted. Recognizing that the Court previously found personal jurisdiction over the Defaulting Defendants at an earlier stage of the proceedings and entered a permanent injunction against them, I conclude that Off-White should be granted leave to supplement its papers in support of default judgment to establish personal jurisdiction over each of the Defaulting Defendants. Accordingly, Off-White may file, within 21 days of this Order, a supplemental submission setting forward the factual and legal basis for exercising personal jurisdiction over each of the Defaulting Defendants.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 28, 2020
         New York, New York